■     In the Matter of the Claim of ADDIE LA BARGE, Respondent, v. MERCY GENERAL HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from an award of disability compensation. Appellants contend that the evidence fails to establish an employer-employee relationship, and further, that there was a failure to give written notice in compliance with section 18 of the Workmen's Compensation Law. Claimant had previously been duly registered and licensed as a practical nurse, and had been employed by Mercy General Hospital, the alleged employer herein, in that capacity from time to time over a period of several years. Because of illness claimant ceased working in 1950 and did not apply for her biennial registration as a practical nurse for the period September 1, 1954 to August 31, 1956. Subsequent to the expiration of her registration certificate in August of 1954, claimant applied to the hospital's director of nurses and assistant administrator for employment at the hospital as a practical nurse. It was arranged

that she should work as an unpaid volunteer for 10 days to brush up on her nursing, and it was the intention of the hospital to employ her if her work during this period proved satisfactory and she obtained a renewal of her registration. Thereafter, and before she became again registered, the hospital called claimant to come to work at the hospital as an attendant for a patient by the name of Bremer. She was informed by the hospital that she would not receive a nurse's pay since she was not currently registered as a practical nurse, but would receive an attendant's pay of $8 per night for sitting with and caring for Mr. Bremer. Mr. Bremer had suffered a stroke while en route with his son from Buffalo to Saranac Lake, and as a result became a patient at the Mercy General Hospital, the alleged employer, located at Tupper Lake, New York. The patient's mental faculties were affected by the stroke, and it became necessary and desirable that someone be in attendance at all times when members of his family could not be present. The patient's son asked the hospital to get some person as an attendant for his father, particularly for the hours from midnight to 8:00 A.M. The hospital called claimant and, at the request of the hospital, she came to the hospital and was instructed by the hospital to act as an attendant for Mr. Bremer on the night of November 24, 1954. At that time claimant was unacquainted with Bremer or any of his family, and had had no conversations or contact with any of them. During the night while she was attempting to quiet the patient he grabbed her hand with such force that she sustained an injury for which the award was made. While the hospital paid claimant for her services, Bremer's son reimbursed the hospital. Not only did the hospital call claimant to come to work, but the work was performed upon the hospital premises with no person to give claimant instructions except hospital employees. The arrangement for pay was made by the hospital, and claimant was injured while performing the duties which had been assigned to her by the hospital. Under such circumstances the ultimate source of her remuneration is not solely controlling, and the board was not required to find that the hospital acted only as the agent of Mr. Bremer's son. A question of fact was presented to the board and the evidence is adequate to sustain its finding that claimant was an employee of the hospital. (*Matter of Meyer* v. *North Hills Golf Club*, 238 App. Div. 752; *Matter of Eastman* v. *Cottman*, 7 A D 2d 794.) The board in its memorandum decision stated: "that proper notice thereof was given to her employer". Since there is no evidence of a written notice within 30 days in the record, the appellants contend that this conclusion in the board's decision is erroneous and requires reversal. Respondent contends, among other things, that the lack of written notice was not raised by appellants in their application for review, and that the board was not required to make any finding on the subject. Section 23 of the Workmen's Compensation Law, as amended by chapter 974 of the Laws of 1958, provides, in part: "the board shall make its decision upon such application in writing and shall include in such decision a statement of the facts which formed the basis of its action on the issues raised before it on such application." This would seem to require the board to include in its decision only issues "raised" in a written application for a review. However, the determination of this appeal need not rest upon such a narrow ground. Here it is without dispute that claimant gave notice of the accident and injury to the hospital employer the morning following the accident. There can be no prejudice to the employer, and the law authorizes the board to excuse the failure of written notice under such circumstances. The board's use of the word "proper" in reference to the notice given was perhaps an unfortunate choice of a a word, but under the circumstances here it could readily be construed that the board meant that the oral notice was adequate because written notice was excused. No purpose would be gained by remittal for a more

appropriately phrased finding when the record is ample to permit the board to excuse a written notice. Award unanimously affirmed, with one bill of costs to be divided between claimant and the Workmen's Compensation Board.